**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

MIKETAVIOUS TENELL GILLIS,

      Plaintiff,

      v.

WARDEN ODUM, MR. COX, and MS.
JONES,

      Defendants.

CIVIL ACTION NO.: 5:25-cv-25

## REPORT AND RECOMMENDATION

Defendants filed a Motion to Dismiss.  Doc. 22.  Plaintiff filed a Response.  Doc. 33. Defendants filed a Reply.  Doc. 35.  For the reasons stated below, I **RECOMMEND** the Court **GRANT** Defendants' Motions to Dismiss and **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## BACKGROUND

Plaintiff brought suit under 42 U.S.C. § 1983, alleging an Eighth Amendment deliberate indifference claim.  Doc. 1.  In the Complaint, Plaintiff alleges that Defendants Cox, Jones, and Odum were state officials working for the Georgia Department of Corrections at the time the events giving rise to his claim took place.  Id. at 4.  Plaintiff alleges that, on June 16, 2024, while he was incarcerated at Ware State Prison, he "was stabbed over 5 times by several gang members with homemade kni[v]es.  2 other inmates were stabbed also, no arrest[s] were made nor camera footage worked for months."  Id. at 5.  Plaintiff "contends that he bled out for over 2 hours"

before help arrived.  Id. at 13.  Plaintiff further alleges that he received wounds to his head, face, back, and chest, requiring treatment at a hospital.  Id.  Plaintiff requests monetary damages of $100,000.  Id.

Defendants filed the instant Motion, raising two grounds for dismissal.  First, Defendants argue that Plaintiff fails to state a claim because he does not allege that any named Defendant was deliberately indifferent.  Doc. 22-1 at 6.  Alternatively, Defendants argue that qualified immunity bars Plaintiff's claims because they acted in their discretionary authority and Plaintiff cannot demonstrate that their conduct violated clearly established law.[1]  Id. at 10.

## DISCUSSION

Defendants argue that Plaintiff cannot state a claim for deliberate indifference because he does not actually allege that any named Defendant was present at Ware State Prison when the incident occurred or that they had any subjective knowledge that the incident occurred at all.  Doc. 22-1 at 6–7.  Plaintiff's arguments in response do not address this argument.  Doc. 33.

The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation.  Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

Plaintiff fails to explain how Defendants were involved in any violations of his constitutional rights.  Plaintiff alleges only that the stabbings occurred and that he was later treated at a hospital.  Doc. 1 at 5.  Plaintiff does not mention any named Defendant in the body of

---

[1]     Defendants raised a third ground, arguing that any official capacity claims for monetary damages fail.  Doc. 22-1 at 3.  But Plaintiff clearly indicated in his Complaint that he is proceeding against each Defendant only in their individual capacity.  Doc. 1.  I do not address this argument further.

the Complaint.  Id.  The only conceivable relation between Defendants and Plaintiff's allegations is that they happened to work at Ware State Prison in positions of authority at the relevant time. Plaintiff does not state with any particularity how their actual actions caused his injury.

To the extent Plaintiff seeks to hold Defendants liable for the acts of subordinates without alleging any personal involvement, his claim also fails.  "It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citations omitted).  To hold a supervisory official or an employer liable, Plaintiff must demonstrate either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation.  Id. (internal quotation marks and citation omitted) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).  Plaintiff has not alleged any actual participation by a named Defendant in the alleged constitutional violation.

Similarly, Plaintiff fails to allege a "causal connection" between Defendants and the asserted constitutional violations.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).  The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper custom or policy . . . result[s] in deliberate indifference to constitutional rights." Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)).  A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act

3

unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th

Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir.

2010). Plaintiff does not make the requisite showing with respect to any named Defendant.

Because Plaintiff fails to state a claim against any named Defendant, I **RECOMMEND**

that the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I conclude that Plaintiff

fails to state a claim, the Court need not address Defendants' qualified immunity arguments.

See Martinez v. Burns, 459 F. App'x 849, 851 (11th Cir. 2012) (declining to address qualified

immunity arguments because the plaintiff's deliberate indifference claim failed on its own

merits).

## II.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff

has not yet filed a notice of appeal, it is appropriate to address that issue in the Court's order of

dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in

good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or

after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3);

Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard.

Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in

good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United

States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual

allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v.

Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in*

*forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit

4

either in law or fact." <u>Moore v. Bargstedt</u>, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir. 2001)); <u>see also</u> <u>Brown v. United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, I **RECOMMEND** the Court **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **GRANT** Defendants' Motion to Dismiss, doc. 22, and **DISMISS** Plaintiff's Complaint, doc. 1, in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed

findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 1st day of July, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA